1                    HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DMITRY KOLOSNITSYN, an individual,

    Plaintiff,

v.

CRYSTAL MOUNTAIN, INC., a
Washington corporation,

    Defendant.

Case No. C08-5035 RBL

**ORDER GRANTING MOTION TO COMPEL AND REQUEST FOR EXTENSION OF TIME**

  This matter comes before the Court on the Plaintiff's Motion to Compel and Request For Extension of Time. [Dkt. #26].

  This case involves an injury suffered by the Plaintiff while skiing at a resort owned by the Defendant. Plaintiff seeks the name and contact information of a snowboarder who was injured at the same location of Plaintiff's accident. [Motion to Compel, 3:1-7, Dkt. #26]. Defendant argues that this information is irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also claims that the information is privileged under Washington's Health Care Disclosure Act ("HDCA"), and the Federal privacy rules of Health Insurance Portability and Accountability Act ("HIPAA"). *See* 42 U.S.C. §1320d (2009); 45 C.F.R. § 160.103 (2009); R.C.W, 70.07.020(1)(2009); [Defendant's Opposition, 9:20-11:21, Dkt. # 74].

The Court has reviewed the materials[1] filed for and against the motion and does not require oral argument to resolve the issues presented. For the foregoing reasons, Plaintiff Kolosnitsyn's Motion to Compel and Request For Extension of Time is GRANTED.

## **FACTS AND PROCEDURE**

Plaintiff was injured when he slid off the edge of Tinkerbell, a novice ski run, into a creek bed at the Defendant's Ski Resort, Crystal Mountain. The facts surrounding the incident are disputed. Kolosnitsyn claims that he was stopped at the edge of the trail when snow collapsed from under him, causing him to slide over a drop-off into a creek. [Plaintiff's Reply 1:22-2:1, Dkt. #30]. Crystal Mountain contends that there was no evidence of snow collapsing at the side of the trail. [Baugher Decl. ¶15, Dkt. #29]. Based on an investigation of the accident scene, Crystal Mountain claims that Mr. Kolosnitsyn lost control of his course and speed and entered the creek bed with momentum. [Nielsen Decl. ¶3, Ex. 2, Dkt. #28]; [Baugher Decl. ¶¶10, 15, Dkt. #29].

Plaintiff argues that Crystal Mountain's negligence contributed to his injury. He alleges that the creek bed was a "known dangerous condition," and the ski resort breached its duty when it failed to warn or protect him. [Pltff.'s Mtn. Compel 5:9-16, Dkt. #26]. In order to prove that Crystal Mountain had actual notice of the condition, Plaintiff requested that Defendant "produce any copy of any and all Documents which relate, in any way, to any and all incidents, accidents or occurrences in which a skier was injured or claimed to be injured in the vicinity of the Location [where Plaintiff was injured]." Pltff.'s Req. Admis. No. 3, Apr. 30, 2009. In response, Defendant produced an Emergency Medical Service ("EMS") Injury Report of a December 29, 2005 snowboarding accident, but redacted the injured individual's contact information "in compliance with [its] understanding of . . . federal and state law concerning the privacy of health care information." [Baugher Decl. ¶17, Ex. 1, Dkt. #29]. Plaintiff moves

---

[1] Plaintiff has submitted photographs in support of his motion. [Plaintiff's Reply, Dkt. #29, Ex. 5]. The photographs are indiscernible, so the Court cannot consider them.

to compel an unredacted version of the EMS Injury Report, or in the alternative, the contact information of the previously injured party. [Mtn. to Compel 5:11-15, Dkt. #26]

## **DISCUSSION**

Defendant's argument that the December 29, 2005 EMS Injury Report is privileged healthcare information under HCDA and HIPAA, is illogical. First, HCDA provides an exception for the disclosure of relevant health information in discovery. *See* R.C.W. 70.02.050(2)(e) (2009); R.C.W. 70.02.050(I) (2009); R.C.W. 70.02.060 (2009). Second, the Privacy Rule of HIPAA only applies to "covered entities," such as health plans, health care clearinghouses, and to any health care provider who transmits health information in electronic form in connection with transactions. Crystal Mountain's Emergency Response Service does not fall into any of these categories. *See* 45 C.F.R. §160.102(a)(3); [Defs.' Opp. 12:7-11, Dkt. #27]. Even if Crystal Mountain's Emergency Response Service did fall into the category of a healthcare provider, which it does not, HIPAA, like HCDA provides an exception for discovery requests. *See* 45 C.F.R. § 164.512(e)(1)(i). HCDA and HIPAA do not shield Crystal Mountain from responding fully to discovery requests. There is no privilege to refuse to disclose information merely because a witness or defendant wishes to keep it confidential. There is also no privilege to delay responding to discovery to prevent the propounding party from deposing a potential witness.

Defendant also argues that the testimony regarding a previous accident would be inadmissible. In a negligence case, other accidents and injuries are inadmissible to show a general lack of care or negligence, but may be admissible on other, more limited issues. *See Salvini v. Ski Lifts, Inc.,* 2008 WL 4616708 at *9 (Wash. App. 2008) (holding that the trial court did not abuse its discretion in admitting evidence of prior ski accidents for the limited purpose of notice)*; Panitz v. Orange*, 10 Wn.App. 317, 322 (1973). Evidence of prior accidents which occurred under substantially similar circumstances is admissible for the purpose of demonstrating a dangerous condition or notice of a defect. *Davis v. Globe*

*Mach. Mfg. Co.,* 102 Wn.2d 68, 77 (1984); *Turner v. City of Tacoma*, 72 Wn.2d 1029, 1036 (1967). Moreover, the Court cannot rule on the admissibility of evidence prior to its discovery. The issue is not yet ripe.

## **CONCLUSION**

The information that Plaintiff seeks is reasonably calculated to lead to the discovery of admissible information. Crystal Mountain may not evade discovery requests under the guise of HCDA or HIPAA. Plaintiff's Motion to Compel and Request for Extension of Time is therefore GRANTED. Defendant shall provide Plaintiff with an unredacted copy of the EMS injury report. Defendant has 30 days from the date of this order to complete discovery.

IT IS SO ORDERED.

DATED this 24th day of June, 2009.

_____

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE